## Ziel et al. v. Borough of Crafton

*Clair D. Moss*, for plaintiffs.

*Robert S. Chess, Jr.*, and *Samuel A. Schreiner*, for defendant.

MCNAUGHER, J., July 9, 1941.—Plaintiffs petitioned for a writ of alternative mandamus to be directed to defendants to show cause why they should not enforce a zoning ordinance of the Borough of Crafton. The complaint generally relates to the use of properties in a residential district as tourist homes and coffee houses. After answer by defendants and plaintiffs' reply and defendants' replication, the case came on for trial. Counsel for the parties then agreed and stipulated of record as to all the facts in the case except that counsel for plaintiffs at one point called a witness to show the volume of business at one of the tourist homes and the manner in which it was conducted. In view of the issues raised by the pleadings it was our opinion, and still is, that such an inquiry was irrelevant and the objection to the offer was accordingly sustained.

As to each of the properties about which plaintiffs specifically complain (all of them being located in residence district "A" of Crafton Borough), the building

is in appearance a dwelling and not a commercial structure—no physical changes have been made in the exterior to distinguish it from other dwellings in the district. A sign is displayed in front of each of the buildings which conforms with the zoning ordinance unless for the fact that the wording upon it indicates the use being made of the premises.

The zoning ordinance involved is no. 691, as amended by no. 775. Section 6 of article III provides:

*"A. Residence District (Short Title, R. D.—A.)*

"Section 6. In this district the land may be used and buildings and structures may be erected, altered, and used only for the following:

"Permitted uses:

"1. One family dwelling.

"2. Two family dwelling of the duplex or double house type.

"3. Multiple dwelling.

"4. Church.

"5. Educational institutions (public or semi-public).

"6. Library or fraternity building.

"7. Telephone central exchange.

"8. Accessory uses incident to any of the principal uses above listed, and not involving the conduct of a business.

"These accessory uses shall be:

"(a) Accessory uses customarily incident to the above uses."

In article IV, sec. 8, the ordinance further provides:

*"Article IV—Use District Exceptions.*

"Section 8. In the residence districts the use regulations shall not be held to prevent the renting of rooms or lodgings or the serving of meals for compensation."

Article III, sec. 6, subdiv. (e), provides:

"A sign or bulletin board not exceeding eight (8) square feet in area erected upon the premises of a church or other institution for the purpose of display-

ing the name and activities or services therein provided, or a sign or board advertising the business carried on on the same premises only not exceeding three (3) feet by five (5) feet in outside dimensions."

And article IX, sec. 33, provides:

*"Violation—Penalty.*

"Section 33. Any person, firm or corporation and the principal or chief executive officer of a corporation violating any of the provisions of this ordinance shall, upon conviction thereof, be fined not to exceed one hundred dollars ($100.00) for any one offense, recoverable with costs, together with judgment or imprisonment, not exceeding thirty (30) days, if the amount of said judgment and costs shall not be paid. Each day that a violation is permitted to exist shall constitute a separate offense.

"Proceedings for violation hereof may be instituted by anyone by making an information before the burgess or justice of the peace and may be commenced by issuing either a summons or a warrant after information has been made."

The officers and council of the borough have refused to bring proceedings to eliminate from residence district "A" the uses complained of, the ground of the refusal, as averred in the pleadings, being that such uses are permitted under the language of the ordinance. A later ordinance, not applicable in this case, prohibits the extension of the use to other properties.

It is our opinion that tourist homes and coffee houses of the type generally referred to by counsel for the parties fall under the head of "Use District Exceptions" by the provision, "In the residence districts the use regulations shall not be held to prevent the renting of rooms or lodgings or the serving of meals for compensation." Certainly tourist homes involve "the renting of rooms or lodgings," and "the serving of meals for compensation," and it seems to us that is all they

do involve. Had the council intended to set a limitation of any sort either upon the number of rooms of a dwelling which could be rented or the number of meals which could be served at any one time, it was within its power to do so, but it did not see fit to exercise that power. The provision for a sign or bulletin board includes "advertising a business carried on on the same premises only," and we cannot give to that language the narrow construction argued for by counsel for plaintiffs that it is only business of a church or similar institution that is intended. And as to the use of a sign, this court has already held that it would be "an accessory use to the permitted use of operating a house for the renting of rooms and serving of meals to the public." See opinion by Judge Egan in Borough of Crafton v. Ebbert, 82 Pitts. 175, at p. 176.

If, as counsel suggests, nuisances are being committed upon some of the premises, proper remedies lie open to plaintiffs.

Under the circumstances of this case and the provisions of the controlling ordinance of the borough, the writ of mandamus must be dismissed.